Bobby Saadian, Esq. SBN: 250377
Colin M. Jones, Esq. SBN: 265628
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989

Attorneys for Plaintiff, Sandra Smith

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANDRA SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

SABRE CORPORATION f/k/a SABRE HOLDINGS CORPORATION, a Delware corporation; SABRE GLBL, Inc.; and DOES 1 to 10 inclusive

Defendant.

CASE NO.:

## CLASS ACTION COMPLAINT
1. BREACH OF IMPLIED CONTRACT
2. NEGLIGENCE
3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 - UNLAWFUL BUSINESS PRACTICES
4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES
5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS PRACTICES
6. UNFAIR AND DECEPTIVE BUSINESS PRACTICES
7. CONSTITUTIONAL INVASION OF PRIVACY
8. NEGLIGENCE *PER SE*
9. BREACH OF COVENANT OF DUTY OF GOOD FAITH AND FAIR DEALING
10. VIOLATION OF STATE DATA BREACH ACTS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

Plaintiff, Sandra Smith ("Plaintiff"), by and through her counsel of record, brings this action on behalf of herself and all others similarly situated bring this Class Action Complaint against Sabre Corporation ("Sabre"). Plaintiff alleges the following on information and belief, except as to those allegations specific to Plaintiff, as follows:

## I.      NATURE OF THE ACTION

> "Security breaches could expose us to liability."
>
> — *Sabre, SEC report dated March 31, 2017.*

1.      Hundreds of thousands of customers every year book hotel rooms using the Sabre SynXis Central Reservations system, which facilitates the booking of hotel reservations made by consumers through hotels, online travel agencies, and similar booking services. Consumers expect the highest quality of services when booking a hotel room. What consumers did not expect was that for a period between August 2016, to March 2017, for all hospitality companies that utilize the SynXis Central Reservations system ("CRS"), for a period of eight months, their information was being collected by an unauthorized third party. This is a data breach case.

2.      Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Sabre for their reckless and negligent violation of customer privacy rights. Plaintiff and Class Members are former customers who booked hotel reservations with any of the hospitality companies that utilize the CRS in the U.S., during the period of June 2016 to March 2017.

3.      Plaintiff and Class Members suffered injury. The security breach compromised hotel customers' full name, credit and debit card account numbers, card expiration dates, card verification codes, email, phone number, address, and other private identifiable information ("PII").

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

4.     As a result of Sabre's wrongful actions and inactions, customer information was stolen.  Many of the customers who booked hotel rooms have had their PII compromised, have had their privacy rights violated, have been exposed to the risk of fraud and identify theft, and have otherwise suffered damages.

## II.     THE PARTIES

5.     Plaintiff Sandra Smith is a California citizen residing in Los Angeles, California.

6.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, namely all other individuals who have made a booking at any of the hotels that use Sabre Hospitality Solutions SynXis Centre Reservations System during the period of June 2016 to March 2017.

7.     Defendant Sabre Corporation, formerly known as Sabre Holdings Corporation, is a Delaware corporation, having its principal executive offices at 3150 Sabre Drive, Southlake, Texas.  Sabre Corporation is the sole owner of Sabre Holdings Corporation.

8.     Defendant Sabre Holdings Corporation ("Sabre Holdings") is a Delaware corporation having principal executive offices at 3150 Sabre Drive, Southlake, Texas.  Sabre Holdings wholly owns and controls Sabre GLBL Inc., its principal operating subsidiary and sole direct subsidiary.

9.     Defendant Sabre GLBL Inc. is a Delaware corporation having principal executive offices at 3150 Sabre Drive, Southlake, Texas.

## III.     JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from the Defendant and, upon the original filing of this complaint, members of the putative Plaintiff class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

11.     The Court also has personal jurisdiction over the Parties because Sabre conducts a major part of their national operations with regular and continuous business activity in California, on information and belief through a number of hotels and with an advertising budget both not exceeded in other jurisdictions throughout the United States.

12.     Venue is appropriate because, among other things: (a) Plaintiff is a resident and citizen of this District; (b) the Defendants had directed their activities at residents in this District; (b) the acts and omissions that give rise to this Action took place, among others, in this judicial district.

13.     Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendants conduct a large amount of their business in this District, and Defendants have substantial relationships in this District.  Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Class Members occurred in this District.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.     The Data Breach Unravels

14.     Sabre operates the SynXis Central Reservations system, which facilitates the booking of hotel reservations made by individuals and companies. Sabre's SynXis reservation system serves more than 36,000 properties with 2.4 hotels added to Sabre's system every hour and with over 8 billion CRS shopping requests each month.     *See*     Sabre     Results,     available     at http://www.sabrehospitality.com/.

15.     On July 5, 2017, Sabre Corporation admitted that "an unauthorized party accessed certain payment card information for a limited subset of hotel reservations processed through the SHS reservation system . . . over a seven month period from August 2016 to March 2017."  *See* Sabre Update on Cybersecurity

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  Incident, available at https://www.sabre.com/insights/releases/sabre-update-on-
2  cybersecurity-incident/[1] (attached hereto as Exhibit A).

3      16.    In addition to the eight-month period, the unauthorized third-parties
4  would have had access to booking information up to 60 days prior to the breach, as
5  the SynXis CRS only deletes reservation details 60 days after the hotel stay. *See*
6  June 29, 2017, Google Notice of Data Breach, *available* at
7  https://oag.ca.gov/system/files/Google%20-
8  %20Sabre%20Incident%20Individual%20Notification%20Letter_0.pdf? (attached
9  hereto as Exhibit B).

10      17.    Not until May 2, 2017, almost ten months after the data breach began,
11  did Sabre disclose this breach on its website. *See* May 2, 2017, Sabre Statement,
12  *available* at https://www.sabre.com/insights/releases/sabre-statement/ (attached
13  hereto as Exhibit C).

14      18.    However, the disclosure is not prominently placed on Sabre
15  Corporation's website. Rather, Sabre inconspicuously placed a "press release" at
16  the bottom of the "newsroom" portion of the website.

17  ***B.    Stolen Information Is Valuable to Hackers and Thieves***

18      19.    It is well known, and the subject of many media reports, that payment
19  card data is highly coveted and a frequent target of hackers. Especially in the
20  technology industry, the issue of data security and threats thereto, is well known.
21  Despite well-publicized litigation and frequent public announcements of data
22  breaches, Sabre opted to maintain an insufficient and inadequate system to protect
23  the payment information of Plaintiff and Class Members. It is well known, and the
24  subject of many media reports, that Private Identifiable Information is highly
25  coveted and a frequent target of hackers. Despite well-publicized litigation and
26  frequent public announcements of data breaches, Sabre and its affiliates opted to

[1] All cited websites were last visited on July 11, 2017.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1   maintain an insufficient and inadequate system to protect the PII of Plaintiff and
2   Class Members.

3       20.    Legitimate organizations and criminal underground alike recognize
4   the value of PII. Otherwise, they would not aggressively seek or pay for it. As
5   previously seen in one of the world's largest breaches, hackers compromised the
6   card holder data of 40 million customers. *See* "Target: 40 million credit cards
7   compromised," CNN Money, Dec. 19, 2013, *available* at
8   http://money.cnn.com/2013/12/18/news/companies/target-credit-card/ (attached
9   hereto as Exhibit D).

10       21.    Credit or debit card information is highly valuable to hackers. Credit
11   and debit card information that is stolen from the point of sale are known as
12   "dumps." *See* Krebs on Security April 16, 2016, Blog Post, *available at*
13   https://krebsonsecurity.com/2016/04/all-about-fraud-how-crooks-get-the-cvv/
14   (attached hereto as Exhibit E). Credit and debit card dumps can be sold in the
15   cybercrime underground for a retail value of about "$20 apiece." *Id.* This
16   information can also be used to clone a debit or credit card. *Id.*

17   **C.   The Data Breach Has and Will Result in Additional Identity Theft and**
18   **Identity Fraud**

19       22.    Sabre failed to implement and maintain reasonable security procedures
20   and practices appropriate to the nature and scope of the information compromised
21   in the data breach.

22       23.    The ramification of Sabre's failure to keep Plaintiff's and Class
23   Members' data secure is severe.

24       24.    According to Javelin Strategy and Research, "one in every three people
25   who is notified of being a potential fraud victim becomes one . . . with 46% of
26   consumers who had cards breached becoming fraud victims that same year."
27   "Someone Became an Identity Theft Victim Every 2 Seconds Last Year," Fox
28   Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1 finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-
2 year.html (attached hereto as Exhibit F).

3     25.    It is incorrect to assume that reimbursing a consumer for a financial
4 loss due to fraud makes that individual whole again.  On the contrary, after
5 conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS")
6 found that "among victims who had personal information used for fraudulent
7 purposes, 29% spent a month or more resolving problems." *See* "Victims of
8 Identity Theft," U.S. Department of Justice, Dec 2013, *available at*
9 https://www.bjs.gov/content/pub/pdf/vit12.pdf (attached hereto as Exhibit G).  In
10 fact, the BJS reported, "resolving the problems caused by identity theft [could] take
11 more than a year for some victims." *Id*. at 11.

12 **D.**    ***Annual Monetary Losses from Identity Theft are in the Billions of***
13 ***Dollars***

14     26.    Javelin Strategy and Research reports that those losses increased to
15 $21 billion in 2013. *See* 2013 Identity Fraud Report (attached hereto as Exhibit H).
16 There may be a time lag between when harm occurs and when it is discovered, and
17 also between when PII is stolen and when it is used. According to the U.S.
18 Government Accountability Office ("GAO"), which conducted a study regarding
19 data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data
> may be held for up to a year or more before being used to commit
> identity theft. Further, once stolen data have been sold or posted on
> the Web, fraudulent use of that information may continue for years.
> As a result, studies that attempt to measure the harm resulting from
> data breaches cannot necessarily rule out all future harm.  GAO,
> Report to Congressional Requesters, at 33 (June 2007), *available* at
> http://www.gao.gov/new.items/d07737.pdf (attached hereto as
> Exhibit I)

27     27.    Plaintiff and Class Members now face years of constant surveillance
28 of their financial and personal records, monitoring, and loss of rights. The Class is

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

incurring and will continue to incur such damages in addition to any fraudulent credit and debit card charges incurred by them and the resulting loss of use of their credit and access to funds, whether or not such charges are ultimately reimbursed by the credit card companies.

## E.     *Plaintiff and Class Members Suffered Damages*

28.     The data breach was a direct and proximate result of Sabre's failure to properly safeguard and protect Plaintiff's and Class Members' PII from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and the common law, including Sabre's failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiff's and Class Members' PII to protect against reasonably foreseeable threats to the security or integrity of such information.

29.     Plaintiff and Class Members' PII is private and sensitive in nature and was inadequately protected by Sabre.  Sabre did not obtain Plaintiff's and Class Members' consent to disclose their PII, except to certain persons not relevant to this action, as required by applicable law and industry standards.

30.     As a direct and proximate result of Sabre's wrongful action and inaction and the resulting data breach, Plaintiff and Class Members have been placed at an imminent, immediate, and continuing increased risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual and potential impact of the subject data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

31.     Specifically, Plaintiff Sandra Smith has been booking hotel rooms with hotels that use Sabre's system for years, and during and after the breach, Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   had several fraudulent charges to credit and debit cards used at booking for hotels

2   that use Sabre's CRS. Moreover, Plaintiff had to spend time and effort to cancel

3   every debit and credit card used with the booking for hotel rooms that use Sabre's

4   system, and Plaintiff has to constantly monitor her accounts due to the risk of fraud

5   and identity theft.

6       32.    Sabre's wrongful actions and inaction directly and proximately caused

7   the theft and dissemination into the public domain of Plaintiff's and Class

8   Members' PII, causing them to suffer, and continue to suffer, economic damages

9   and other actual harm for which they are entitled to compensation, including:

10       a.    Theft of their PII;

11       b.    The imminent and certainly impending injury flowing from potential

12           fraud and identity theft posed by their PII being placed in the hands of

13           criminals and already misused via the sale of Plaintiff's and Class

14           Members' information on the Internet black market;

15       c.    The untimely and inadequate notification of the data breach;

16       d.    The improper disclosure of their PII;

17       e.    Loss of privacy;

18       f.    Ascertainable losses in the form of out-of-pocket expenses and the

19           value of their time reasonably incurred to remedy or mitigate the effects

20           of the data breach;

21       g.    Ascertainable losses in the form of deprivation of the value of their PII,

22           for which there is a well-established national and international market;

23       h.    Overpayments to Sabre for booking and purchase during the subject

24           data breach in that a portion of the price paid for such booking by

25           Plaintiff and Class Members to Sabre was for the costs of reasonable

26           and adequate safeguards and security measures that would protect

27           customers' PII, which Sabre and its affiliates did not implement and, as

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

9

a result, Plaintiff and Class Members did not receive what they paid for and were overcharged by Sabre; and

i.    Deprivation of rights they possess under the Unfair Competition Laws.

## V.   CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on her own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiff seeks certification of a Nationwide class and a California class.  The nationwide class is initially defined as follows:

> All persons residing in the United States whose PII was disclosed in the data breach in 2016-2017 (the "Nationwide Class").

The California class is initially defined as follows:

> All persons residing in California whose PII was disclosed in the data breach in 2016-2017 (the "California Class").

34.    Excluded from each of the above Classes are Sabre, including any entity in which Sabre has a controlling interest, is a parent or subsidiary, or which is controlled by Sabre, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Sabre.  Also excluded are the judges and court personnel in this case and any members of their immediate families.  Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

35.    *Numerosity.* Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiff at this time, Sabre has acknowledged that customers' PII was stolen for a period of eight months.  The disposition of the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   claims of Class Members in a single action will provide substantial benefits to all

2   parties and to the Court.   The Class Members are readily identifiable from

3   information and records in Sabre's possession, custody, or control.

4        36.    *Commonality.* Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions

5   of law and fact common to the Classes, which predominate over any questions

6   affecting only individual Class Members. These common questions of law and fact

7   include, without limitation:

8        a.    Whether Sabre owed a duty of care to Plaintiff and Class Members

9              with respect to the security of their personal information;

10       b.    Whether Sabre took reasonable steps and measures to safeguard

11             Plaintiff's and Class Members' personal information;

12       c.    Whether Sabre violated California's Unfair Competition Law by

13             failing to implement reasonable security procedures and practices;

14       d.    Whether Sabre violated common and statutory law by

15             failing to promptly notify Class Members their Private Identifiable

16             Information had been compromised;

17       e.    Which security procedures and which data-breach notification

18             procedure should Sabre be required to implement as part of any

19             injunctive relief ordered by the Court;

20       f.    Whether Sabre has an implied contractual obligation to use reasonable

21             security measures;

22       g.    Whether Sabre has complied with any implied contractual obligation

23             to use reasonable security measures;

24       h.    Whether Sabre acts and omissions described herein give rise to a claim

25             of negligence;

26       i.    Whether Sabre knew or should have known of the security breach prior

27             to its May 2017 disclosure;

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

j.   Whether Sabre had a duty to promptly notify Plaintiff and Class Members that their personal information was, or potentially could be, compromised;

k.   What security measures, if any, must be implemented by Sabre to comply with its implied contractual obligations;

l.   Whether Sabre violated California's privacy laws in connection with the acts and omissions described herein;

m.   What the nature of the relief should be, including equitable relief, to which Plaintiff and the Class Members are entitled;

n.   Whether Sabre willfully and/or negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; and

o.   Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

37.   *Typicality.* Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was misused and/or disclosed by Sabre.

38.   *Adequacy of Representation.* Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in litigation of class actions, including consumer and data breach class actions, and Plaintiff intends to prosecute this action vigorously. Plaintiff's claims are typical of the claims of other members of the Class and Plaintiff has the same non-conflicting interests as the other Members of the Class. The interests of the Class will be fairly and adequately represented by Plaintiff and their counsel.

39.   *Superiority of Class Action.* Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1 the possibility of inconsistent and potentially conflicting adjudication of the
2 asserted claims. There will be no difficulty in the management of this action as a
3 class action.

4     40.     Damages for any individual class member are likely insufficient to
5 justify the cost of individual litigation so that, in the absence of class treatment,
6 Sabre's violations of law inflicting substantial damages in the aggregate would go
7 un-remedied.

8     41.     Class certification is also appropriate under Fed. R. Civ. P. 23(a) and
9 (b)(2), because Sabre has acted or has refused to act on grounds generally applicable
10 to the Classes, so that final injunctive relief or corresponding declaratory relief is
11 appropriate as to the Classes as a whole.

## COUNT I

### Breach of Implied Contract

(On Behalf of Plaintiff and the Nationwide and California Classes)

15     42.     Plaintiff incorporates the substantive allegations contained in each and
16 every paragraph of this Complaint.

17     43.     Sabre and the hotels that used Sabre's system solicited and invited
18 Plaintiff and the members of the Class to book hotel rooms. Plaintiff and Class
19 Members accepted Sabre and the hotels' offers and booked hotel rooms through
20 Sabre.

21     44.     When Plaintiff and Class Members booked hotel rooms through Sabre,
22 they provided their Private Identifiable Information. In so doing, Plaintiff and Class
23 Members entered into implied contracts with Sabre and the hotels that used their
24 system pursuant to which Sabre agreed to safeguard and protect such information
25 and to timely and accurately notify Plaintiff and Class Members if their data had
26 been breached and compromised.

27     45.     Each booking made with Sabre's system by Plaintiff and Class
28 Members was made pursuant to the mutually agreed-upon implied contract with

WILSHIRE LAW FIRM, PLC<br>3055 Wilshire Blvd, 12th Floor<br>Los Angeles, CA 90010-1137

13

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   Sabre and the hotels using their system under which Sabre agreed to safeguard and
2   protect Plaintiff's and Class Members' Private Identifiable Information and to
3   timely and accurately notify them if such information was compromised or stolen.

4       46.    Plaintiff and Class Members would not have provided and entrusted
5   their Private Identifiable Information to Sabre in the absence of the implied contract
6   between them and Sabre.

7       47.    Plaintiff and Class Members fully performed their obligations under
8   the implied contracts with Sabre.

9       48.    Sabre breached the implied contracts it made with Plaintiff and Class
10  Members by failing to safeguard and protect the Private Identifiable Information of
11  Plaintiff and Class Members and by failing to provide timely and accurate notice to
12  them that their Private Identifiable Information was compromised as a result of the
13  data breach.

14      49.    As a direct and proximate result of Sabre's breaches of the implied
15  contracts between Sabre and Plaintiff and Class Members, Plaintiff and Class
16  Members sustained actual losses and damages as described in detail above.

17                          <u>COUNT II</u>

18                          **Negligence**

19      (On Behalf of Plaintiff and the Nationwide and California Classes)

20      50.    Plaintiff repeats and fully incorporates the allegations contained in
21  each and every paragraph of this Complaint.

22      51.    Upon accepting Plaintiff's and Class Members' Private Identifiable
23  Information in their respective point-of-sale systems, Sabre undertook and owed a
24  duty to Plaintiff and Class Members to exercise reasonable care to secure and
25  safeguard that information from being compromised, lost, stolen, misused, and
26  or/disclosed to unauthorized parties, and to utilize commercially reasonable
27  methods to do so.  This duty included, among other things, designing, maintaining,
28  and testing Sabre's security systems to ensure that Plaintiff's and the Class

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

14

1    Members' PII was adequately secured and protected.

2        52.    Sabre further had a duty to implement processes that would detect a

3    breach of its security system in a timely manner.

4        53.    Sabre had a duty to timely disclose to Plaintiff and Class Members that

5    their Private Identifiable Information had been or was reasonably believed to have

6    been compromised.  Timely disclosure was appropriate so that, among other things,

7    Plaintiff and Class Members could take appropriate measures to avoid use of bank

8    funds, and monitor their account information and credit reports for fraudulent

9    activity.

10       54.    Sabre breached its duty to discover and to notify Plaintiff and Class

11   Members of the unauthorized access by failing to discover the security breach

12   within reasonable time and by failing to notify Plaintiff and Class Members of the

13   breach until May 2017.  To date, Sabre has not provided sufficient information to

14   Plaintiff and Class Members regarding the extent and scope of the unauthorized

15   access and continues to breach its disclosure obligations to Plaintiff and the Class.

16       55.    Sabre also breached its duty to Plaintiff and Class Members to

17   adequately protect and safeguard this information by knowingly disregarding

18   standard information security principles, despite obvious risks, and by allowing

19   unmonitored and unrestricted access to unsecured Private Identifiable Information.

20   Furthering its negligent practices, Sabre failed to provide adequate supervision and

21   oversight of the Private Identifiable Information with which it is entrusted, in spite

22   of the known risk and foreseeable likelihood of breach and misuse, which permitted

23   a third party to gather Plaintiff's and Class Members' Private Identifiable

24   Information, misuse the Private Identifiable Information, and intentionally disclose

25   it to others without consent.

26       56.    Through Sabre's acts and omissions described in this Complaint,

27   including Sabre's failure to provide adequate security and its failure to protect

28   Plaintiff's and Class Members' Private Identifiable Information from being

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    foreseeably captured, accessed, disseminated, stolen, and misused, Sabre
2    unlawfully breached its duty to use reasonable care to adequately protect and secure
3    Plaintiff and Class Members' Private Identifiable Information during the time it was
4    within Sabre's control.

5          57.    Further, through its failure to timely discover and provide clear
6    notification of the data breach to consumers, Sabre prevented Plaintiff and Class
7    Members from taking meaningful, proactive steps to secure their Private
8    Identifiable Information.

9          58.    Upon information and belief, Sabre improperly and inadequately
10   safeguarded the Private Identifiable Information of Plaintiff and Class Members in
11   deviation from standard industry rules, regulations, and practices at the time of the
12   data breach.

13         59.    Sabre's failure to take proper security measures to protect Plaintiff and
14   Class Members' sensitive PII as described in this Complaint, created conditions
15   conducive to a foreseeable, intentional criminal act, namely the unauthorized access
16   of Plaintiff's and Class Members' Private Identifiable Information.

17         60.    Sabre's conduct was grossly negligent and departed from all
18   reasonable standards of care, including, but not limited to: failing to adequately
19   protect the Private Identifiable Information; failing to conduct adequate regular
20   security audits; failing to provide adequate and appropriate supervision of persons
21   having access to Plaintiff's and Class Members' Private Identifiable Information.

22         61.    Neither Plaintiff nor the other Class Members contributed to the data
23   breach and subsequent misuse of their Private Identifiable Information as described
24   in this Complaint. As a direct and proximate result of Sabre's negligence, Plaintiff
25   and Class Members sustained actual losses and damages as described in detail
26   above.

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT III

### Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful Business Practices

#### (On Behalf of the California Class)

62.    Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

63.    Sabre has violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200. Sabre engaged in unlawful acts and practices with respect to its services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' Private Identifiable Information with knowledge that the information would not be adequately protected; and by gathering Plaintiff's and Class Members' Private Identifiable Information in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Sabre to take reasonable methods of safeguarding the Private Identifiable Information of Plaintiff and the Class Members.

64.    In addition, Sabre engaged in unlawful acts and practices with respect to its services by failing to discover and then disclose the data breach to Plaintiff and Class Members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82. To date, Sabre has still not provided such sufficient information to Plaintiff and the Class Members.

65.    As a direct and proximate result of Sabre's unlawful acts and practices, Plaintiff and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their Private Identifiable Information, and additional losses described above.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

17

66.     Sabre knew or should have known that its system had been breached and data security practices were inadequate to safeguard Class Members' Private Identifiable Information and that the risk of a data breach or theft was highly likely. Sabre's actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Class Members.

67.     Plaintiff and members of the Classes seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to Plaintiff and Class Members of money or property that Sabre may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Sabre because of its unlawful and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## COUNT IV

## Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code
## §17200 Unfair Business Practices

### (On Behalf of the California Class)

68.     Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

69.     Sabre engaged in unfair acts and practices by soliciting and collecting Plaintiff's and Class Members' Private Identifiable Information with knowledge that the information would not be adequately protected; while Plaintiff's and the Class Members' Private Identifiable Information would be processed in an unsecure electronic environment.  These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members.  They were likely to deceive the public into believing their Private Identifiable Information was secure, when it was not.  The harm these practices caused to Plaintiff and the members of the Class outweighed their utility,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  if any.

2      70.     Sabre engaged in unfair acts and practices with respect to the provision

3  of its services by failing to enact adequate privacy and security measures and protect

4  Class Members' Private Identifiable Information from further unauthorized

5  disclosure, release, data breaches, and theft, and failing to timely discovery and give

6  notice of the Data Breach.  These unfair acts and practices were immoral, unethical,

7  oppressive, unscrupulous, unconscionable, and/or substantially injurious to

8  Plaintiff and Class Members. They were likely to deceive the public into believing

9  their Private Identifiable Information was secure, when it was not.  The harm these

10  practices caused to Plaintiff and the Class Members outweighed their utility, if any.

11      71.     As a direct and proximate result of Sabre's acts of unfair practices and

12  acts, Plaintiff and the members of the Class were injured and lost money or

13  property, including but not limited to the loss of their legally protected interest in

14  the confidentiality and privacy of their PII, and additional losses described above.

15      72.     Sabre knew or should have known that its systems and data security

16  practices were inadequate to safeguard Class Members' Private Identifiable

17  Information and that the risk of a data breach or theft was highly likely.  Sabre's

18  actions in engaging in the above-named unlawful practices and acts were negligent,

19  knowing and willful, and/or wanton and reckless with respect to the rights of the

20  Class Members.

21      73.     The members of the Class seek relief under Cal. Bus. & Prof. Code §

22  17200, *et. seq*., including, but not limited to, restitution to Plaintiff and Class

23  Members of money or property that the Sabre may have acquired by means of its

24  unfair business practices, restitutionary disgorgement of all profits accruing to

25  Sabre because of its unfair business practices, declaratory relief, attorney's fees

26  and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other

27  equitable relief.

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT V

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Fraudulent/Deceptive Business Practices**

(On Behalf of the California Class)

74.    Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

75.    Sabre engaged in fraudulent and deceptive acts and practices by representing and advertising that it would maintain adequate data privacy and security practices and procedures to safeguard the Class Members' Private Identifiable Information from unauthorized disclosure, release, data breaches, and theft; and representing and advertising that it did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of the members of the Class' Private Identifiable Information.   These representations were likely to deceive members of the public, including Plaintiff and Class Members, into believing their Private Identifiable Information was securely stored, when it was not, and that Sabre was complying with relevant law, when it was not.

76.    Sabre engaged in fraudulent and deceptive acts and practices by omitting, suppressing, and concealing the material fact of the inadequacy of the privacy and security protections for Class Members' Private Identifiable Information.  At the time that Class Members were booking hotel rooms with through Sabre's system or hotels that use Sabre's system, Sabre failed to disclose to Class Members that its data security systems failed to meet legal and industry standards for the protection of their Private Identifiable Information.  Plaintiff would not have booked a hotel room with Sabre or through the hotels that use Sabre's CRS if he had known about its substandard data security practices.  These representations were likely to deceive members of the public, including Plaintiff and the Class Members, into believing their Private Identifiable Information was

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

20

1  secure, when it was not, and that Sabre was complying with relevant law and
2  industry standards, when it was not.

3      77.     As a direct and proximate result of Sabre's deceptive practices and
4  acts, Plaintiff and the Class Members were injured and lost money or property,
5  including but not limited to the loss of their legally protected interest in the
6  confidentiality and privacy of their Private Identifiable Information, and additional
7  losses described above.

8      78.     Sabre knew or should have known that its system and data security
9  practices were inadequate to safeguard Class Members' PII and that the risk of a
10 data breach or theft was highly likely.  Sabre's actions in engaging in the above-
11 named unlawful practices and acts were negligent, knowing and willful, and/or
12 wanton and reckless with respect to the rights of Class Members.

13     79.     Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et.*
14 *seq.*, including, but not limited to, restitution to Plaintiff and Class Members of
15 money or property that Sabre may have acquired by means of its fraudulent and
16 deceptive business practices, restitutionary disgorgement of all profits accruing to
17 Sabre because of its fraudulent and deceptive business practices, declaratory
18 relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and
19 injunctive or other equitable relief.

## COUNT VI

### Unfair and Deceptive Business Practices

(On Behalf of the Nationwide Class)

20
21
22
23     80.     Plaintiff repeats and fully incorporates the allegations contained in
24 each and every allegation of this Complaint.

25     81.     Plaintiff bring this Count individually, and on behalf of all similarly
26 situated residents of each of the 50 States and the District of Columbia, aside from
27 the state of California, for violations of the respective statutory consumer
28 protection laws, as follows:

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

a.   the Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1, *et seq.*;

b.   the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471, *et seq.*;

c.   the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

d.   the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

e.   the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

f.   the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

g.   the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

h.   the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

i.   the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

j.   the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

k.   the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

l.   the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

m.   the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

n.   the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*

o.   the Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714H.1, *et seq.*;

p.   the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

q.   the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

r.   the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

s.    the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

t.    the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

u.    the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

v.    the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

w.    the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.*;

x.    the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*

y.    the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

z.    the Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq.*;

aa.    the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

bb.    the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*;

cc.    the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

dd.    the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

ee.    the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

ff.    the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

gg.    the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

hh.    the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

ii.    the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

jj.    the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1      *seq.*;

2  kk.    the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

3  ll.     the Pennsylvania Unfair Trade Practices and Consumer Protection

4         Law, 73 P.S. § 201-1, *et seq.*;

5  mm.   the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-

6         5.2(B), *et seq.*;

7  nn.    the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-

8         5-10, *et seq.*;

9  oo.    the South Dakota Deceptive Trade Practices and Consumer

10       Protection Act, SDCL § 37-24-1, *et seq.*;

11 pp.    the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

12 qq.    the Texas Deceptive Trade Practices-Consumer Protection Act,

13       V.T.C.A., Bus. & C. § 17.41, *et seq.*;

14 rr.     the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

15 ss.     the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

16 tt.     the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et*

17       *seq.*;

18 uu.    the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

19 vv.    the West Virginia Consumer Credit And Protection Act, W.Va.Code

20       § 46A-1-101, *et seq.*;

21 ww.   the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18,

22       *et seq.*; and

23 xx.    the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq.*

24     82.     Sabre violated the statutes set forth above (collectively, the

25 "Consumer Protection Acts") by failing to properly implement adequate,

26 commercially reasonable security measures to protect Plaintiff and Class

27 Members' PII, and by allowing third parties to access Plaintiff's and Class

28 Members' PII.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

83.     Sabre further violated the Consumer Protection Acts by failing to disclose to the consumers that its data security practices were inadequate, thus inducing consumers to book hotels rooms through Sabre and the hotels that use Sabre's CRS.

84.     Sabre's acts and/or omissions constitute fraudulent, deceptive, and/or unfair acts or omissions under the Consumer Protection Acts.

85.     Plaintiffs and other Class Members were deceived by Sabre's failure to properly implement adequate, commercially reasonable security measures to protect their PII.

86.     Sabre intended for Plaintiff and other Class Members to rely on Sabre to protect the information furnished to it in connection with debit and credit card transactions and/or otherwise collected by Sabre, in such manner that Plaintiff's PII would be protected, secure and not susceptible to access from unauthorized third parties.

87.     Sabre instead handled Plaintiff's and other Class Members' information in such manner that it was compromised.

88.     Sabre failed to follow industry best practices concerning data security or was negligent in preventing the Data Breach from occurring.

89.     It was foreseeable that Sabre's willful indifference or negligent course of conduct in handling PII it collected would put that information at the risk of compromise by data thieves.

90.     On information and belief, Sabre benefited from mishandling the PII of customers, by not taking effective measures to secure this information, and therefore saving on the cost of providing data security.

91.     Sabre's fraudulent and deceptive acts and omissions were intended to induce Plaintiff's and Class Members' reliance on Sabre's deception that their Private Information was secure.

92.     Sabre's conduct offends public policy and constitutes unfair acts or

1  practices under the Consumer Protection Acts because Sabre caused substantial

2  injury to Class Members that is not offset by countervailing benefits to consumers

3  or competition, and is not reasonably avoidable by consumers.

4       93.    Sabre's acts or practice of failing to employ reasonable and

5  appropriate security measures to protect Private Information constitute violations

6  of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which the courts

7  consider when evaluating claims under the Consumer Protection Acts, including

8  815 ILCS 505/2.

9       94.    Sabre's conduct constitutes unfair acts or practices as defined in the

10  Consumer Protection Acts because Sabre caused substantial injury to Class

11  members, which injury is not offset by countervailing benefits to consumers or

12  competition and was not reasonably avoidable by consumers.

13       95.    Plaintiffs and other Class Members have suffered injury in fact and

14  actual damages including lost money and property as a result of Sabre's violations

15  of the Consumer Protection Acts.

16       96.    Sabre's fraudulent and deceptive behavior proximately caused

17  Plaintiff's and Class Members' injuries, and Sabre conducted itself with reckless

18  indifference toward the rights of others, such that an award of punitive damages is

19  appropriate.

20       97.    Sabre's failure to disclose information concerning the Data Breach

21  directly and promptly to affected customers, constitutes a separate fraudulent act

22  or practice in violation of the Consumer Protection Acts.

23       98.    Plaintiff seek attorney's fees and damages to the fullest extent

24  permitted under the Consumer Protection Acts, including N.Y. G.B.L. § 349(h).

## COUNT VII

### Constitutional Invasion of Privacy

#### (On Behalf of the California Class)

99.    Plaintiff repeats and fully incorporates the allegations contained in

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    each and every allegation of this Complaint.

2        100.   Cal. Const., Art. 1., section 1 provides that "[a]ll people are by nature

3    free and independent and have inalienable rights. Among these are enjoying and

4    defending life and liberty, acquiring, possessing, and protecting property, and

5    pursuing and obtaining safety, happiness, and privacy."

6        101.   Plaintiff and Class members had a legally protected privacy interest

7    in the Private Identifiable Information provided to Sabre.

8        102.   Plaintiff and Class Members had a reasonable expectation of privacy

9    as to the Private Identifiable Information they provided to Sabre under the

10   circumstances of their purchases.

11       103.   Sabre's actions and inactions amounted to a serious invasion of the

12   protected privacy interests of Plaintiff and Class Members.

13       104.   Sabre's invasion of Plaintiff and Class Members' reasonable

14   expectation of privacy caused Plaintiff and Class members to suffer damages.

**COUNT VIII**

**Negligence *Per Se***

17       (On Behalf of Plaintiff and the Nationwide and California Classes

18       105.   Plaintiff repeats and fully incorporates the allegations contained in

19   each and every allegation of this Complaint.

20       106.   Pursuant to the Federal Trade Commission Act (15 U.S.C. §45),

21   Sabre had a duty to provide fair and adequate computer systems and data security

22   practices to safeguard Plaintiffs' and Class Members' PII.

23       107.   Pursuant to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801), Sabre

24   had a duty to protect the security and confidentiality of Plaintiffs' and Class

25   Members' PII.

26       108.   Pursuant to state laws in the following 12 states, Sabre operating in

27   those states had a duty to those respective states' Class Members to implement

28   and maintain reasonable security procedures and practices to safeguard Plaintiffs'

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

27

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and Class Members' Personal Information:

     a.  Arkansas: Ark. Code § 4-110-104

     b.  California: Cal Civ. Code § 1798.81.5

     c.  Connecticut: Conn. Gen. Stat. § 42-471

     d.  Florida: Fla. Stat. § 501.171(2)

     e.  Indiana: Ind. Code § 24-4.9-3.5

     f.  Maryland: Md. Code. Comm. Law § 14-5303

     g.  Massachusetts: Mass. Gen Laws Ch. 93H, § 3(a)

     h.  Nevada: Nev. Rev. Stat. § 603A.210

     i.  Oregon: Ore. Rev. Stat. § 646A.622(1)

     j.  Rhode Island: R.I. Gen Laws § 11-49.2-2(2)

     k.  Texas: Tex. Bus. & Com. Code § 521.052(a)

     l.  Utah: Utah Code § 14-44-201(1)(a)

109.   Sabre breached their duties to Plaintiffs and Statewide Class Members under the Federal Trade Commission Act (15 U.S.C. § 45), Gramm-Leach-Bliley Act (15 U.S.C. § 6801), and the state reasonable data security statutes by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' Personal Information.

110.   Sabre's failure to comply with applicable laws and regulations constitutes negligence *per se*.

111.   But for Sabre's wrongful and negligent breach of their duties owed to Plaintiffs and Statewide Class Members, Plaintiffs and Statewide Class Members would not have been injured.

112.   The injury and harm suffered by Plaintiffs and Statewide Class Members was the reasonably foreseeable result of Sabre's breach of their duties. Sabre knew or should have known that they were failing to meet their duties, and that Sabre's breach would cause Plaintiffs and Statewide Class Members to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1    experience the foreseeable harms associated with the exposure of their Personal

2    Information.

3         113.   As a direct and proximate result of Sabre negligent conduct,

4    Plaintiffs and Class Members have suffered injury and are entitled to damages in

5    an amount to be proven at trial.

## COUNT IX

### Breach of the Covenant of Duty of Good Faith and Fair Dealing

(On Behalf of Plaintiff and the Nationwide and California Classes)

9         114.   Plaintiff repeats and fully incorporates the allegations contained in

10   each and every allegation of this Complaint.

11        115.   The law implies a covenant of good faith and fair dealing in every

12   contract.

13        116.   Plaintiff and Class Members contracted with Defendant by accepting

14   Defendant's offers and paying for the booking of hotel room(s).

15        117.   Plaintiff and Class Members performed all of the significant duties

16   under their agreements with Defendant.

17        118.   The conditions required for Sabre's performance under the contract

18   has occurred.

19        119.   Sabre did not provide and/or unfairly interfered with and/or frustrated

20   the right of Plaintiff and the Class Members to receive the full benefits under their

21   agreement.

22        120.   Sabre breached the covenant of good faith and fair dealing implied in

23   its contracts with Plaintiff and the Class Members by failing to use and provide

24   reasonable and industry-leading security practices.

25        121.   Plaintiff and the Class Members were damaged by Sabre's  breach in

26   that they paid for, but never received, the valuable security protections to which

27   they were entitled, and which would have made their products and services more

28   valuable.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## COUNT X

### Violation of State Data Breach Acts

(On Behalf of Plaintiff and the Nationwide and California Classes)

122.  Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

123.  Sabre owns, licenses and/or maintains computerized data that includes Plaintiffs' and Class Members' PII.

124.  Sabre was required to, but failed, to take all reasonable steps to dispose, or arrange for the disposal, of records within its custody or control containing PII when the records were no longer to be retained, by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means.

125.  Sabre's conduct, as alleged above, violated the data breach statutes of many states, including:

    a.  California, Cal. Civ. Code §§ 1798.80 et. seq.;

    b.  Hawaii, Haw. Rev. Stat. § 487N-1–4 (2006);

    c.  Illinois, 815 Ill. Comp Stat. Ann. 530/1–/30 (2006);

    d.  Louisiana, La. Rev. Stat. § 51:3071-3077 (2005), and L.A.C. 16:III.701;

    e.  Michigan, Mich. Comp. Laws Ann. §§ 445.63, 445.65, 445.72 (2006);

    f.  New Hampshire, N.H. Rev. Stat. Ann. §§ 359-C:19–C:21, 358-A:4 (2006)., 332-I:1–I:610;

    g.  New Jersey, N.J. Stat. Ann. § 56:8-163–66 (2005);

    h.  North Carolina, N.C. Gen. Stat. §§ 75-65 (2005); as amended (2009);

    i.  Oregon, Or. Rev. Stat. §§ 646A.602, 646A.604, 646A.624 (2011);

    j.  Puerto Rico, 10 L.P.R.A. § 4051; 10 L.P.R.A. § 4052 (2005), as

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1                amended (2008);

2           k.  South Carolina, S.C. Code § 1-11-490 (2008); S.C. Code § 39-1-

3                90 (2009);

4           l.  Virgin Islands, 14 V.I.C. § 2208, et seq. (2005);

5          m.  Virginia, Va. Code Ann. § 18.2-186.6 (2008); Va. Code Ann. §

6                32.1– 127.1:05 (2011); and

7          n.  the District of Columbia, D.C. Code § 28-3851 to 28-3853 (2007)

8                (collectively, the "State Data Breach Acts").

9      126.   Sabre was required to, but failed, to implement and maintain

10  reasonable security procedures and practices appropriate to the nature and scope

11  of the information compromised in the Data Breach.

12      127.   The Data Breach constituted a "breach of the security system" within

13  the meaning of section 1798.82(g) of the California Civil Code, and other State

14  Data Breach Acts.

15      128.   The information compromised in the Data Breach constituted

16  "personal information" within the meaning of section 1798.80(e) of the California

17  Civil Code, and other State Data Breach Acts.

18      129.   Like other State Data Breach Acts, California Civil Code §

19  1798.80(e) requires disclosure of data breaches "in the most expedient time

20  possible and without unreasonable delay . . . ."

21      130.   Sabre violated Cal. Civ. Code § 1798.80(e) and other State Data

22  Breach Acts by unreasonably delaying disclosure of the Data Breach to Plaintiff

23  and other Class Members, whose PII was, or was reasonably believed to have

24  been, acquired by an unauthorized person.

25      131.   Upon information and belief, no law enforcement agency instructed

26  Sabre that notification to Plaintiffs and Class Members would impede a criminal

27  investigation.

28      132.   As a result of Sabre's violation of State Data Breach Acts, including

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   Cal. Civ. Code § 1798.80, et seq., Plaintiffs and Class Members incurred

2   economic damages, including expenses associated with monitoring their personal

3   and financial information to prevent further fraud.

4        133.   Plaintiffs, individually and on behalf of the Class, seek all remedies

5   available under Cal. Civ. Code § 1798.84 and under the other State Data Breach

6   Acts, including, but not limited to: (a) actual damages suffered by Class Members

7   as alleged above; (b) statutory damages for Sabre's willful, intentional, and/or

8   reckless violation of Cal. Civ. Code § 1798.83; (c) equitable relief; and (d)

9   reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

10        134.   Because Sabre was guilty of oppression, fraud or malice, in that it

11   failed to act with a willful and conscious disregard of Plaintiff's and Class

12   Members' rights, Plaintiff also seek punitive damages, individually and on behalf

13   of the Class.

14   **VI.   PRAYER FOR RELIEF**

15        WHEREFORE, Plaintiff, individually and on behalf of all Class Members

16   proposed in this Complaint, respectfully requests that the Court enter judgment in

17   her favor and against Sabre as follows:

18        A.   For an Order certifying the Nationwide Class and California Class as

19             defined here, and appointing Plaintiff and her Counsel to represent

20             the Nationwide Class and the California Class;

21        B.   For equitable relief enjoining Sabre from engaging in the wrongful

22             conduct complained of here pertaining to the misuse and/or

23             disclosure of Plaintiff's and Class Members' Private Identifiable

24             Information, and from refusing to issue prompt, complete, and

25             accurate disclosures to the Plaintiff and Class Members;

26        C.   For equitable relief compelling Sabre to utilize appropriate methods

27             and policies with respect to consumer data collection, storage, and

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1        safety and to disclose with specificity to Class Members the type of

2        PII compromised.

3   D.   For equitable relief requiring restitution and disgorgement of the

4        revenues wrongfully retained as a result of Sabre's wrongful conduct;

5   E.   For an award of actual damages and compensatory damages, in an

6        amount to be determined;

7   F.   For an award of costs of suit and attorneys' fees, as allowable by

8        law; and

9   G.   Such other and further relief as this court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

    Based on the foregoing, Plaintiff, on behalf of themselves, and all others similarly situated, hereby demand a jury trial for all claims so triable.

Dated: July 12, 2017           Respectfully Submitted,

 

 

Colin M. Jones, Esq. (SBN: 265628)
Attorneys for Plaintiffs

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL