UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05149-SVW-AFM | Date | January 23, 2017 |
|---|---|---|---|
| Title | *Sandra Smith v. Sabre Corporation et al* | | |

JS-6

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER REGARDING MOTION TO DISMISS [32]

On October 23, 2017, the Court dismissed Plaintiff's First Amended Complaint ("FAC") for lack of Article III standing and for failure to state a claim pursuant to Rule 12(b)(6). Plaintiffs filed a Second Amended Complaint ("SAC") with some revisions.

The Court GRANTS Defendant's motion to dismiss Plaintiffs' second amended complaint. Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

I.  **BACKGROUND**

The facts of this case have already been described in the Court's previous order dismissing the FAC. Dkt. 30. Defendant Sabre Corporation provides technology to the travel and tourism industry. One of its business segments offers to technology called the "SynXis Central Reservations System" ("SynXis CR"). SynXis CR provides connections for hotels to distribution channels and permits hotel owners to manage their room availability, pricing, and inventory. In May 2017, Sabre published notice that it was investigating an incident of unauthorized access to payment card information through SynXis. Sabre published an update confirming that "an unauthorized party accessed certain payment card information for a limited subset of hotel reservations processed through the [SynXis CR] system" from August 2016 to March 2017. It further explained that not all reservations accessed included a payment card security code, "as a large percentage of bookings were made without a security code being provided." Sabre confirmed that no personal information such as social security, passport or driver's license numbers were accessed. *Id*. Plaintiffs Natasha Hamidi, Sandra Smith and Gerald Benson filed this lawsuit.

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05149-SVW-AFM | Date | January 23, 2017 |
|---|---|---|---|
| Title | *Sandra Smith v. Sabre Corporation et al* | | |

Plaintiff Benson, as discussed in the prior motion, alleges that he has "been booking hotel rooms with hotels that use Sabre's system for years, and during the breach, Plaintiff had stayed at several hotels and booked rooms using [SynXis CR]." In the FAC, Benson alleged that has not experienced any fraudulent charges on his debit or credit cards, a fact which proved fatal to his standing. In the SAC, Benson merely deleted that fact but has not alleged that anything has, in fact, happened to him as a result of this incident.

Plaintiff Smith alleged that she "has been booking hotel rooms with hotels that use Sabre's system for years, and during and after the breach, [she] had fraudulent charges to credit and/or debit cards used at booking for hotels that use [SynXis CR]." In the FAC, she alleged that she had spent time cancelling every debit and credit card she used on the SynXis system. In the SAC, Smith simply deleted that fact in an effort to overcome the standing issues.

In the SAC, Plaintiff Natasha Hamidi was added to the caption; however, the SAC contains no allegations specific to her, including no facts tying Hamidi to the security incident, the conduct of Sabre or anything else.

Plaintiffs continue to allege claims for the following: (1) Breach of Implied Contract; (2) Negligence; (3) Violation of California's Unfair Competition Law (UCL) under § 17200 Unlawful Business Practices; (4) Violation of UCL § 17200 Unfair Business Practices; (5) Violation of UCL § 17200 Fraudulent and Deceptive Business Practices; (6) Violation of UCL § 17200 Unfair and Deceptive Business Practices; (7) Constitutional Invasion of Privacy; (8) Negligence *Per Se*; (9) Breach of Covenant of Duty of Good Faith and Fair Dealing; and, (10) Violations of State Data Breach Acts. Defendant filed this Motion to Dismiss under both FRCP 12(b)(1) and 12(b)(6).

Plaintiffs have also added allegations about the theoretical harms following the wake of a security incident; however, Plaintiffs do not allege that any of those harms actually happened to Plaintiffs, let alone a claim that those harms occurred because of the Defendant. *See* SAC ¶¶ 32, 36, 37, 40-43. Plaintiffs also added general allegations about the premiums some customers might pay for security; however, the SAC does not allege if those premiums apply to the Plaintiffs here. Most of the remaining paragraphs are identical to the FAC and do not address the deficiencies the Court has already identified. Accordingly, the Court will not repeat the same rationales for dismissing the case as it already did in the past order; the Court instead addresses the new allegations in the SAC and why they do not cure the defects in the FAC.

II.     **LEGAL STANDARDS**

    a.   Dismissal Under Fed. R. Civ. P. 12(b)(1)

|   |   | : |   |
|---|---|---|---|
|   | Initials of Preparer | | |
|   | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05149-SVW-AFM | Date | January 23, 2017 |
|---|---|---|---|
| Title | Sandra Smith v. Sabre Corporation et al | | |

Plaintiffs bear the burden of establishing their standing to invoke the subject-matter jurisdiction of this Court. *D'Lil v. Best W. Encina Lodge &Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008). To do so, Plaintiffs must satisfy the "case or controversy" requirement of Article III of the United States Constitution, which requires a plaintiff to establish injury-infact that is (1) concrete and particularized as well as actual or imminent; (2) fairly traceable to the challenged action of the defendant; and (3) redressable by a favorable ruling from the court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact must be concrete, particularized, and "actual or imminent" rather than speculative. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("*Spokeo I*") (quoting *Lujan*, 504 U.S. at 560). If based on threatened future injury, that injury must be "certainly impending," or there must be a "'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1150 n.5 (2013)). The Ninth Circuit demands that data breach plaintiffs demonstrate that they face a "credible threat of real and immediate harm" stemming from the incident. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010).

 b. Dismissal Under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678, and requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]," *Twombly*, 550 U.S. at 556. Where a court is unable to "infer more than the mere possibility" of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Iqbal*, 556 U.S. at 679.

### III. Plaintiffs Lack Article III Standing

 a. The Named Plaintiffs Allege No Injury-in-Fact

The Court previously held that the original two Plaintiffs, Benson and Smith, lacked Article III standing, concluding that "[n]either of the two Plaintiffs can allege a cognizable injury-in-fact." Dkt. 30 at 3. As discussed below, the changes Plaintiffs made in the SAC do not alter this conclusion.

The SAC adds a new plaintiff, Natasha Hamidi. However, other than alleging she is a resident of Los Angeles County, the SAC does not make a single allegation about her. The law requires factual allegations that establish standing and that satisfy the elements of each cause of action. The lack of any allegation considering Hamidi or her contact with Sabre or SynXis demonstrates her lack of standing.

                                  : 

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05149-SVW-AFM | Date | January 23, 2017 |
|---|---|---|---|
| Title | *Sandra Smith v. Sabre Corporation et al* | | |

The Court dismissed Plaintiff Benson's previous claims for lack of standing after concluding that his allegations "confirm[] that nothing has happened to him" after the alleged data breach. Dkt. 30 at 3. The Court relied on the fact that Benson admitted that he "has not had a fraudulent charge in his credit or debit cards," *id.* (quoting FAC ¶ 33), among other reasons. The only difference in the SAC is that Benson has now deleted his previous affirmative admission about not having experienced any fraudulent charges. Benson still does not claim that anything happened to him as a result of the security breach. He still fails to allege what information he contends was impacted in the security incident, what hotels he stayed at, any facts plausibly alleging that those hotels used SynXis CR for his booking, or that any of those hotels were among those impacted by the incident. Benson thus fails to allege anything but a "speculative fear of fraud and identity theft" that this Court previously found deficient. Plaintiff Benson continues to lack standing.[1]

As for Plaintiff Smith, the Court previously held that she failed to suffer any cognizable injury-in-fact for purposes of establishing Article III standing. Like Benson, Smith's allegations in the SAC do nothing to alter this conclusion. Indeed, Smith's allegations in the SAC are virtually identical to the FAC except that she too now deletes a prior allegation—specifically, she strikes her prior admission that she "canceled every debit and credit card that she used to book hotels." Dkt. 23.[2] Regardless of that deletion, Smith still fails to allege any facts that would alter the Court's prior conclusion that that she lacks standing. In the SAC, Smith still "does not allege that she incurred any monetary losses from the charges themselves" and "therefore cannot assert an injury to the alleged fraudulent charges." Dkt. 30 at 4.

In addition, the Court already rejected Smith's claimed injury in the form of "time and effort" to address the fraudulent activity, because "[d]espite the possible 'apprehension and inconvenience' that may accompany a data breach, a plaintiff lacks standing where she identifies no repercussions of the

---

[1] Furthermore, the Court is concerned with Benson's deletion of his previous affirmative admission about not having experienced any fraudulent charges. The allegation does not simply disappear because it does not appear in this version of the case. "While a district court must accept a plaintiff's allegations as true in ruling on a motion to dismiss, it need not accept these allegations where they contradict what was alleged in a prior Complaint." *Adams v. United of Omaha Life Ins. Co.*, 2013 WL 12113225, at *3 (C.D. Cal. Jan. 10, 2013); *see also McKenna v. WhisperText*, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) (despite allegations being deleted from amended complaint, granting motion to dismiss where deficiency of claims was "undeniable from [plaintiff's] previous allegations"). The Court finds that Plaintiff Benson's previous allegations in the FAC would also demonstrate a lack of standing in the SAC.

[2] Just like Benson, Smith cannot selectively delete allegations from a prior complaint to avoid dismissal of an amended complaint. *Adams*, 2013 WL 12113225, at *3; *McKenna*, 2015 WL 5264750, at *3. As set forth at length in Sabre's motion to dismiss the FAC (ECF No. 24), the fact that Smith admitted that she cancelled her cards was fatal to her claims because it meant that there could be no future risk to those accounts and nothing to "constantly monitor" them for. *See Whalen v. Michaels Stores, Inc.*, 2017 WL 1556116, at *2 (2d Cir. May 2, 2017) (plaintiff simply "[cannot] plausibly face a threat of future fraud" where her "stolen credit card was promptly cancelled after the breach and no other personally identifying information—such as her birth date or Social Security number—is alleged to have been stolen").

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05149-SVW-AFM | Date | January 23, 2017 |
|---|---|---|---|
| Title | *Sandra Smith v. Sabre Corporation et al* | | |

incident 'other than his own remedial efforts.'" Dkt. 30 at 4 (quoting *Engl*, 2016WL 8578096, at *6). Finally, Smith still does not offer facts plausibly demonstrating that she is at risk of future identity theft. Although the SAC now adds allegations referencing some theoretical or hypothetical "access to email accounts" in an apparent attempt to demonstrate some other avenue of future harm, SAC ¶¶ 42-43, she does not allege that she provided an email address—much less an email account password—during the course of her hotel bookings; that her email account has been accessed; or any facts plausibly explaining how her email account is now at risk. Thus, absent specific allegations as to why the unauthorized person's alleged possession of Smith's information exposes her to a substantial and concrete risk of future identity theft, she lacks standing based on that risk.

      Plaintiff Smith likewise fails to allege that she has suffered any cognizable injury-in-fact for purposes of establishing Article III standing. The totality of her alleged individual experience is that at some point "during and after the breach," she had several fraudulent charges on payment cards used when booking reservations at hotels that she contends run on SynXis CR. Id. ¶ 32. She never alleges she was held responsible for any of those charges. Smith does not allege that she incurred any monetary loss from the fraudulent charges themselves. She therefore cannot assert an injury attributable to the alleged fraudulent charges because mere fraudulent charges on debit or credit cards do not rise to the level of actual identity theft sufficient to establish standing. Smith suggests that she has been injured as a result of her general "time and effort" to address the fraudulent activity. FAC ¶ 32. Despite the "apprehension and inconvenience" that may accompany a data breach, a plaintiff lacks standing where she identifies no repercussions of the incident "other than his own remedial efforts." *Engl*, 2016WL 8578096, at *6-7. Because Smith does not plausibly allege a future risk of fraud or identity theft, she cannot recover for time spent monitoring her accounts. *See Clapper*, 133 S. Ct. at 1151.

      Plaintiffs claim that the Court should ignore any individualized allegations of harm and instead consider the universal harms the putative class could have suffered. Plaintiffs cite no authority for this proposition. To the contrary, the Supreme Court held that even though "a suit may be a class action . . . [that] adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). Plaintiffs also claim in their opposition that they suffered every general harm that the SAC mentions. No good-faith reading of the SAC would permit such a conclusion.

      Because none of the three Plaintiffs alleges any present or credible future harm that has occurred to them specifically, each lacks Article III standing.

    b.   Generalized Assertions of Harm Do Not Amount to Injury-in-Fact

 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05149-SVW-AFM | Date | January 23, 2017 |
|---|---|---|---|
| Title | *Sandra Smith v. Sabre Corporation et al* | | |

Plaintiffs have also added a long list of imagined, general harms to the SAC to show injury-in-fact. But Plaintiffs do not allege that they experienced any of these harms themselves. Plaintiff bear the burden of demonstrating that they themselves have suffered injury sufficient for Article III standing, "not that injury has been suffered by other, unidentified members of the class to which plaintiffs belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). The Court will not consider these general allegations.[3]

    c. Plaintiffs Cannot Demonstrate Traceability

The second essential prong of the standing analysis is whether the alleged injury-in-fact is "fairly traceable" the alleged unlawful conduct. *See Lujan*, 504 U.S. at 560. The Court already noted that Benson

---

[3] Even if the Court did consider these general allegations, the Court would have to reject them. For example, in SAC Paragraphs 32, 36, and 27, Plaintiffs list every imaginable harm that could occur after a security breach, including: bank accounts being overdrawn, credit limits exceeded, the loss of accumulated miles and points, fees charged to obtain replacement cards, emotional distress, and even marital strife. But none of the three Plaintiffs allege any of these things happened to him or her specifically, even though this is the third complaint in this case. Plaintiffs also claim they and the putative class members have been "depriv[ed] of the value of their [personally identifiable information], for which there is a well-established national and international market." SAC ¶ 53(f). But absent any allegation that they want to sell their financial information to someone else, deprivation of value is not a cognizable form of injury. *See Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 533 (D.Md. 2016).

Plaintiffs also allege that they overpaid Sabre "for booking and purchase" "in that a portion of the price paid for such booking . . . was for the costs of reasonable and adequate safeguards and security measures that would protect customers' [personally-identifiable information]." SAC ¶ 53(h). Plaintiffs do not, and cannot, allege that they paid anything to Sabre (which merely provides reservation technology behind the scenes) as opposed to the hotels themselves. Nor do they plausibly allege that the purchase price paid to hotels for rooms included some amount attributable to data security at Sabre. *See, e.g., In re Zappos.com, Inc.*, 108 F. Supp. 3d 949, 962 n.5 (D. Nev. 2015). Plaintiffs also allege that they could have suffered harm from the "untimely and inadequate notification of the data breach." SAC ¶ 53(c). However, as discussed in the previous order, Plaintiffs fail to allege that Sabre had an obligation to notify Plaintiffs about the security incident in the first place. Plaintiffs generally allege some vague "loss of privacy," SAC ¶ 53(e), but fail to provide any detail about how the security incident has resulted in a loss of privacy or how the alleged loss of privacy has injured them.

Plaintiffs claim they can satisfy Article III's injury-in-fact requirement by alleging a "deprivation of rights" under the UCL. SAC ¶ 53(i). The law is to the contrary: the mere "assertion of a statutory violation [of the UCL] is insufficient, by itself, to establish Article III standing." *Svenson v. Google, Inc.*, No. 13-CV-04080, 2016WL 8943301, at *11 (N.D. Cal. Dec. 21, 2016). Finally, Plaintiffs claim that the mere "nature of a data breach . . . makes it so that the threatened injury is 'certainly impending' as opposed to merely speculative" and that "whether anticipated conduct or an anticipated injury is likely to happen after a breach is beside the point." SAC ¶ 52. But Article III has always required every plaintiff allege a "particularized" and "concrete" injury. *Spokeo*, 136 S. Ct. at 1548; *Krottner*, 628 F. 3d at 1143.

 

                                                                                                                                                                                                :

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05149-SVW-AFM | Date | January 23, 2017 |
|---|---|---|---|
| Title | *Sandra Smith v. Sabre Corporation et al* | | |

and Smith could not meet this prong; Plaintiff Hamidi alleges no specific allegations whatsoever and falls short of this standard as well. Plaintiffs have made no substantial allegations that demonstrate traceability.

Plaintiff Smith included a screenshot to Paragraph 38, which appears to show Smith emailing Target about a charge on her Target REDcard. But she still does not identify the date of the charge nor any allegations that connect it to the data security incident here. Notably, she does not allege that she used this Target REDcard to book hotel rooms.[4] The Plaintiffs cannot show traceability or injury-in-fact and thus cannot show standing.

### IV. Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted

There are independent reasons to dismiss the SAC for failure to state viable claims pursuant to Rule 12(b)(6). Nine out of the ten claims in the SAC are virtually identical to the previously dismissed claims, with the only substantive change made to the claim for negligence. The Court will not readdress the other nine claims because Plaintiffs did not change any of those allegations. For the reasons stated in the order in Docket 30, the Court dismisses Plaintiffs' contract-based claims (Counts 1 and 9); Plaintiffs' UCL claims (Counts 3, 4, and 5); Plaintiffs' Constitutional claim (count 7);; and Plaintiffs' other state statute claims (Counts 6 and 10).

With regard to Plaintiffs' negligence-based claims (Counts 2 and 8), the Court previously dismissed Plaintiffs' negligence claim as barred by the economic loss doctrine given that they do not allege any "special relationship" with Sabre. The SAC now alleges that "[a] special relationship exists between Defendants and the Consumer Plaintiffs." SAC ¶ 72. Yet the sole basis for this new allegation is the assertion that "Defendants actively solicited Consumer Plaintiffs and the other Class members to use their personally-identifiable information in sales transactions at Defendants' stores." *Id.* But Plaintiffs have themselves consistently alleged that Sabre is not a brick and mortar retailer, but rather a digital-only platform. E.g., SAC ¶ 16. Sabre does not operate any "stores"—and more importantly is not alleged to operate any "stores" either. While brick-and-mortar stores may have a relationship with customers they solicit, Sabre does not solicit the customers who use its booking system. Sabre works with hotel owners, who then decide whether to incorporate SynXis into their reservation system.

Furthermore, Plaintiffs have not plausibly alleged how Sabre, which operates a behind the scenes reservation platform, "actively solicited" the Plaintiffs to do anything. Plaintiffs' allegation of a special relationship makes no attempt to satisfy the multi-factor test set forth by the California Supreme Court in *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 804 (1979). *See Sony II*, 903 F. Supp. 2d at 962 (dismissing negligence claim in data breach class action because "Plaintiffs' Consolidated Complaint has failed to

---

[4] It is unlikely that she used the Target REDCard to book hotel rooms because the card can typically only be used at Target stores or on Target.com. See https://www.target.com/c/redcard/-/N-4tfyn (last visited Jan. 22, 2018).

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-05149-SVW-AFM | Date | January 23, 2017 |
|---|---|---|---|
| Title | *Sandra Smith v. Sabre Corporation et al* | | |

adequately allege why the economic loss doctrine does not apply, in particular why the *J'Aire* factors weigh in favor of finding a 'special relationship.'").

V.  **CONCLUSION**

Plaintiffs had an opportunity to remedy the deficiencies this Court previously identified. The Plaintiffs have not. The Court DISMISSES the SAC with prejudice.

Initials of Preparer     PMC